## IN THE UNITED STATES FEDERAL COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE NATIONAL CAPITAL BANK OF WASHINGTON <br> a banking corporation <br> 316 Pennsylvania Avenue, SE <br> Washington, DC 20003 <br><br>               Plaintiff <br> v. <br><br> JAMES W. RAPPAPORT <br> 50 Battery Street, P.H. 605 <br> Boston, Massachusetts 02109 <br>         and <br> CECILIA C. RAPPAPORT <br> 50 Battery Street, P.H. 605 <br> Boston, Massachusetts 02109 <br>         and <br> ROBERT E. RUMMLER SR. <br> 1074 Vanarsdall Road <br> Harrodsburg, Kentucky 40330 <br><br>           Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 14-785 |

### COMPLAINT FOR MONEY JUDGMENT

Plaintiff, The National Capital Bank of Washington ("NCBW"), by and through its undersigned attorneys, files this Complaint for Money Judgment and states

### I.      PARTIES, JURISDICTION AND VENUE

1.      NCBW is a District of Columbia banking corporation with its principal place of business located at 316 Pennsylvania Avenue, SE, Washington, DC 20003.

2.      James W. Rappaport and Cecilia C. Rappaport are residents of the Commonwealth of Massachusetts with an address at 50 Battery Street, P.H. 605, Boston, Massachusetts 02109.

3.      Robert E. Rummler Sr. is a resident of the State of Kentucky with an address at 1074 Vanarsdall Road, Harrodsburg, Kentucky 40330.

4.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 because this civil action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to NCBW's claims occurred in this district.

## II.      FACTS COMMON TO ALL COUNTS

6.      On or about November 7, 2007, Plaintiff made a loan to Defendants James W. Rappaport and Cecilia C. Rappaport in the original principal amount of $1,400,000.00 ("Loan 1"). Loan 1 is evidenced by a Promissory Note Dated November 7, 2007 in the original principal amount of $1,400,000.00, made by Defendants James W. Rappaport and Cecilia C. Rappaport as makers and payable to the order of Plaintiff ("Note 1"). A copy of Note 1 is attached hereto and incorporated herein by reference as **Plaintiff's Exhibit 1.**

7.      On April 15, 2009, the unpaid balance due and owing to Plaintiff by Defendants James W. Rappaport and Cecilia C. Rappaport pursuant to Note 1 was $1,131,865.06. Note 1 was refinanced and satisfied by way of a second loan from the Plaintiff to Defendants James W. Rappaport and Cecilia C. Rappaport in the original principal amount of $1,131,865.06, Loan Number 15501350. ("Loan 2"). Loan 2 is evidenced by a Promissory Note dated April 15, 2009 in the original principal amount of $1,131,865.06, made by Defendants James W. Rappaport and Cecilia C. Rappaport as makers and payable to the order of Plaintiff ("Note 2"). Note 2 is attached hereto and incorporated herein by reference as if fully set forth as **Plaintiff's Exhibit 2.**

8.      On March 12, 2013 the unpaid principal balance and accrued interest due and owing by Defendants James W. Rappaport and Cecilia C. Rappaport to the Plaintiff pursuant to Note 2 was $1,139,585.00.

9.      On or about March 12, 2013, Plaintiff made a loan to Specialty Hospitals of America, LLC, a Delaware limited liability company (hereinafter referred to as the "Borrower") in the original principal amount of $6,000,000.00 ("Loan 3").  Loan 3 is evidenced by a commercial Promissory Note dated March 12, 2013, Loan Number 1-502-7063, in the original principal amount of $6,000,000.00, made by the Borrower and payable to the order of Plaintiff. ("Note 3").  A copy of Note 3 is attached hereto and incorporated herein by reference as **Plaintiff's Exhibit 3.**

10.      On March 12, 2013, Plaintiff advanced Borrower the loan proceeds in the amount of $6,000,000.00 and deposited this sum in the business checking account number 10108774 of the Borrower as more fully appears in the Loan Proceeds Receipt attached hereto and incorporated herein by reference as **Plaintiff's Exhibit 4.**

11.      At the time Note 3 was executed and funded, a portion of the $6,000,000.00 loan proceeds, in the amount of $1,139,585.89, was charged to the account number 10108774 of Specialty Hospitals of America, LLC and used to pay Note 2 for the benefit of Defendants, James W. Rappaport and Cecilia C. Rappaport.  A copy of the debit of the Borrower's account number 10108774 is attached hereto and incorporated herein by reference as **Plaintiff's Exhibit 5**.  Such was done in precise conformity with the intended loan proposal/purpose of Loan 3 as appears in the Loan Presentation Summary which states that the purpose of the $6,000,000.00 loan to Specialty Hospital of America, LLC had a purpose "to provide the customer (Specialty Hospitals of America, LLC) with a source of short-term working capital till PSA settlement.  Payoff Loan Number 15501350 to James W. Rappaport and Cecilia C. Rappaport".  **See, Plaintiff's Exhibit 6.**  Following the debiting

of Borrower's account for $1,139,585.89, Loan 2 was credited with this payment and loan number 15501350 and Note 2 then reflected a zero balance. **See, Plaintiff's Exhibits 7 and 8.**

12.     In order to induce Plaintiff to extend or continue to extend credit to the Borrower, for good and valuable consideration then and there received, including payment of the then remaining balance due under Note 2, Defendants James W. Rappaport, Cecilia C. Rappaport and Robert E. Rummler Sr. did, in writing, absolutely and unconditionally guaranteed repayment of any and all liabilities and indebtedness of the Borrower to the Plaintiff as more fully appears in their commercial Guaranty Agreements attached hereto and incorporated herein by reference as **Plaintiff's Exhibits 9 and 10.** (collectively, the "Guaranty").

13.     Upon information and belief, and so believing, Plaintiff avers that the Borrower was the subject of an involuntary bankruptcy petition filed against it on April 23, 2014 in the United States Bankruptcy Court for the District of Delaware, case number 14-10935-BLS. Accordingly, all actions against Borrower are automatically stayed pursuant to Title 11 U.S.C. § 362.

14.     Note 3 matured July 10, 2013 and was extended twice by Plaintiff to October 10, 2013 and later to January 10, 2014. No further extensions have been granted to the Defendants.

15.     As a result of events of default arising under Note 3, including a failure to pay in full at the maturity date of January 10, 2014, Plaintiff elected to formally declare an event of default, accelerate the remaining unpaid balance and on April 22, 2014, by its attorneys, made formal written demand for payment in full upon all Defendants. Copies of the demand letters are attached hereto and incorporated herein by reference as **Plaintiff's Exhibits 11, 12 and 13.**

16     As of April 22, 2014, the balance due and owing under Note 3 and the Guaranty is $6,229,643.82 consisting of an unpaid principal balance of $6,000,000.00 and prior accrued interest of $229,643.82. **See, Exhibit 14.**

17.     In addition to the Defendants' promise of full and prompt payment of all amounts due under Note 3 pursuant to their Guaranty, the Guaranty agreements provide that each Guarantor consents to pay reasonable costs and expenses incurred by the Plaintiff including attorney fees and court costs. **See, page 2 of Exhibits 9 and 10.**

18.     Despite demand, Defendants refuse and continue to refuse payment in full.

## COUNT I

### (Money Judgment against James W. Rappaport)

19.     NCBW incorporates by reference herein all of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

20.     Pursuant to his Guaranty and following the defaults described above, all amounts owed under his Guaranty are immediately due and payable by James W. Rappaport.

21.     James W. Rappaport has failed to pay all amounts owed to NCBW under the Guaranty.

22.     James W. Rappaport's guarantee of Note 3 is limited to $6,000,000.00, plus any and all accrued and unpaid interest, court costs, expenses of collection, and reasonable attorney fees.

23.     As of April 22, 2013, James W. Rappaport owed NCBW pursuant to his Guaranty the sum of $6,000,000.00, plus $229,643.82 in accrued and unpaid interest plus costs and reasonable attorney fees. Interest accrues at the default rate of interest of 10.50% per annum after April 22, 2014.

WHEREFORE, The National Capital Bank of Washington demands judgment against James W. Rappaport in the amount of $6,229,643.82, besides future accruing interest, costs and reasonable attorney fees and such other and further relief as is just and proper.

## COUNT II

### (Money Judgment against Cecilia C. Rappaport)

24. NCBW incorporates by reference herein all of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

25. Pursuant to her Guaranty and following the defaults described above, all amounts owed under her Guaranty are immediately due and payable by Cecilia C. Rappaport.

26. Cecilia C. Rappaport has failed to pay all amounts owed to NCBW under the Guaranty.

27. Cecilia C. Rappaport's guarantee of Note 3 is limited to $6,000,000.00, plus any and all accrued and unpaid interest, court costs, expenses of collection, and reasonable attorney fees.

28. As of April 22, 2013, Cecilia C. Rappaport owed NCBW pursuant to her Guaranty the sum of $6,000,000.00, plus $229,643.82 in accrued and unpaid interest plus costs and reasonable attorney fees. Interest accrues at the default rate of interest of 10.50% per annum after April 22, 2014.

WHEREFORE, The National Capital Bank of Washington demands judgment against Cecilia C. Rappaport in the amount of $6,229,643.82, besides future accruing interest, costs and reasonable attorney fees and such other and further relief as is just and proper.

## COUNT III

### (Money Judgment against Robert E. Rummler Sr.)

29. NCBW incorporates by reference herein all of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

30. Pursuant to his Guaranty and following the defaults described above, all amounts

owed under his Guaranty are immediately due and payable by Robert E. Rummler Sr.

31.    Robert E. Rummler Sr. has failed to pay all amounts owed to NCBW under the Guaranty.

32.    Robert E. Rummler Sr. guarantee of Note 3 is limited to $6,000,000.00, plus any and all accrued and unpaid interest, court costs, expenses of collection, and reasonable attorney fees.

33.    As of April 22, 2013, Robert E. Rummler Sr. owed NCBW pursuant to his Guaranty the sum of $6,000,000.00, plus $229,643.82 in accrued and unpaid interest plus costs and reasonable attorney fees.  Interest accrues at the default rate of interest of 10.50% per annum after April 22, 2014.

WHEREFORE, The National Capital Bank of Washington demands judgment against Robert E. Rummler, Sr. in the amount of $6,229,643.82, besides future accruing interest, costs and reasonable attorney fees and such other and further relief as is just and proper.

Dated: May 8, 2014

Respectfully submitted,

PROTAS, SPIVOK & COLLINS, LLC

By: _____
Jordan M. Spivok, Esquire
DC BAR #: 65243
4330 East-West Highway, Suite 900
Bethesda, Maryland  20814
(301) 469-3602
(301) 469-3635 - facsimile
jspivok@psclaw.net
*Counsel for The*
*National Capital Bank of Washington*